## Philip D. Armour, Jonathan O. Armour, and Philip D. Armour, Jr., v. Harry Ryan.

1. NEGLIGENCE—*A Simple Accident is Not.*—The result of a simple accident to an employe can not be charged to his employer as negligence.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

CAMPBELL & CUSTER, attorneys for appellants.

KING & GROSS, attorneys for appellee; ANDREW J. HIRSCHL, of counsel.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee was at work for the appellant hanging tongues from hogs just killed, on hooks in a " chill room." The room was without windows, kept at a temperature of thirty-eight to forty degrees, and the work was done by the light of a lamp, which sometimes became dim by smoke and steam—as we understand, smoke from the burning

wick, and vapor from the fresh tongues. These hooks, of which an example is attached to the record, were of iron or steel, the shanks one and one half inches long, one-sixteenth of an inch thick and one-eighth of an inch wide, narrowing to a point, and the hooks three-fourths of an inch long, straight, the angles with the shanks a little more than a right angle, and the shanks were driven into the frame supporting them from half an inch to one inch. They were about four inches apart, and the ends of the hooks were sharp. In the course of use some of the hooks would get turned from a vertical position, toward adjacent hooks.

The work was done in a hurry, and in hanging a tongue the appellee struck his finger against the point of a hook, which thus leaned toward the hook upon which he hung the tongue, and by reason of that leaning the point was a full one-half inch nearer to his hand than would have been the point of a vertical hook. These hooks would be likely to have upon some of them some traces of decayed animal matter, and it is proved that the result has been to disable the finger.

The appellee sued the appellant for negligence. The appellee was nearly nineteen years old and not mentally or physically deficient.

We do not find in this record evidence of negligence by the appellants. Unfortunate as has been the appellee, the result of a simple accident can not be charged to the appellants.

The judgment is reversed and the cause remanded.